UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EFREN ANGULO LUANGO                                          PETITIONER

V.                                          CIVIL ACTION NO. 3:25-CV-70-DPJ-ASH

WARDEN CHILDRESS                                            RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Efren Angulo-Luango, a prisoner incarcerated at the Federal

Correctional Complex in Yazoo City, Mississippi, filed this habeas petition under 28 U.S.C.

§ 2241 challenging the Bureau of Prisons' denial of jail time credits under the First Step Act. As

explained below, the undersigned recommends the petition be dismissed without prejudice for

failure to exhaust.

I.      Facts and Procedural History

Angulo-Luango is presently serving a 175-month total term of incarceration for

conspiracy to possess with intent to distribute a controlled substance on board a vessel subject to

the jurisdiction of the United States and a violation of a previously imposed term of supervised

release. He says he has "accrued many days of program participation that should have earned

him time credits" under the FSA but the BOP has disallowed those credits. Pet. [1] at 2. He asks

the Court to "order B.O.P. to grant [him his] hard earned [time credits] towards a reduction of

[his] sentence of 365 days." Am. Pet. [4] at 7. Respondent opposes Angulo-Luango's petition,

arguing that he failed to exhaust and his petition fails on the merits.

II.     Analysis

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for

raising . . . a challenge [to that calculation] is a petition pursuant to 28 U.S.C. § 2241." *United*

*States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Before filing a § 2241 petition, "[a] federal prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).

The BOP's regulations provide for a multiple-step Administrative Remedy Program that "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10; *see generally id.* §§ 542.10–542.19 (Subpart B, Administrative Remedy Program). To begin the process, "an inmate shall first present an issue of concern informally to staff." *Id.* § 542.13. If informal resolution does not address the inmate's concerns, within "20 calendar days following the date on which the basis for the Request occurred," the inmate must file "a formal written Administrative Remedy Request, on the appropriate form (BP-9)." *Id.* § 542.14(a). Once a BP-9 is filed, "response shall be made by the Warden . . . within 20 calendar days." *Id.* Next, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). The Regional Director then has 30 calendar days to respond, *id.* § 542.18, and "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response," *id.* § 542.15(a). The General Counsel has 40 calendar days to respond to the BP-11. *Id.* § 542.18.

"The filing of an appeal to the General Counsel 'is the final administrative appeal.' 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review process, a federal inmate h[a]s

exhausted h[is] administrative remedies for filing a § 2241 petition." *Gayton v. Rivers*, No. 3:23-CV-1842-X, 2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023) (citing *Gross*, 2009 WL 1675075, at *1), *report and recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17, 2023). "[P]roper exhaustion of administrative remedies is necessary," and "filing an untimely or otherwise procedurally defective administrative grievance or appeal" will not satisfy the requirement. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006); *see also Herrera-Villatoro v. Driver*, 269 F. App'x 372 (5th Cir. 2008).

The declaration of BOP Paralegal Amy Landers explains that Angulo-Luango has filed no administrative remedies "related to his assertions concerning his FSA eligibility" or about anything else during his incarceration. Landers Decl. [17-1] ¶ 14. And Angulo-Luango admits as much, stating in his Amended Petition that he addressed the FSA-credits issue only through an "informal verbal" complaint to his unit team and explaining that he did not pursue the matter further because he "didn't think [he] would get any results just as [his] peers with [the] exact same issue have gotten no results." Am. Pet. [4] at 2, 3. Thus, Angulo-Luango failed to fully exhaust his administrative remedies.

In a response to a Court Order, Angulo-Luango argued that he should be excused from exhausting because it is not required by statute and "would serve no purpose beyond delay." Resp. [7] at 1. Angulo-Luango is correct that exhaustion is not required by statute, but courts in the Fifth Circuit nevertheless require federal prisoners to "exhaust 'administrative remedies before seeking habeas relief . . . under . . . § 2241.'" *Mayberry v. Pettiford*, 74 F. App'x 299, 299 (5th Cir. 2003) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). And "[t]he fact that it takes time to exhaust administrative remedies d[oes] not excuse [Angulo-Luango] from completing the process." *Jackson v. Harrison*, No. 3:22-CV-471-TSL-MTP, 2024 WL 542400,

at *2 (S.D. Miss. Jan. 12, 2024), *report and recommendation adopted*, 2024 WL 542379 (S.D. Miss. Feb. 9, 2024).

Exhaustion may be excused "in extraordinary circumstances" where a petitioner "demonstrate[s] the futility of administrative review." *Overshown v. Upton*, 466 F. App'x 361, 361 (5th Cir. 2012) (citing *Fuller*, 11 F.3d at 62). But "merely conclusory allegations to support [a] claim of futility" will not meet that burden. *Brown v. Young*, No. 08-1586, 2009 WL 666945, at *3 (W.D. La. Feb. 3, 2009). In particular, "the mere fact that [Angulo-Luango] believes his administrative review will be denied does not make th[e] remedy futile." *Kennedy v. Berkebile*, No. 3:08-CV-2067, 2009 WL 151207, at *2 (N.D. Tex. Jan. 20, 2009) (quoting *Herman v. Wendt*, No. 3:03-CV-1204, 2004 WL 60818, at *2 (N.D. Tex. Jan. 13, 2004), *report and recommendation adopted*, 2004 WL 557290 (N.D. Tex. Feb. 11, 2004)).

Simply put, Angulo-Luango was required to exhaust before filing his habeas petition. Because he failed to do so, his petition should be dismissed.[1]

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Angulo-Luango's petition be dismissed without prejudice for failure to exhaust.

---

[1] To the extent that Angulo-Luango's petition could be read to challenge the legality of the August 22, 2016 immigration order of removal entered against him, the Court lacks subject-matter jurisdiction to consider such a challenge. *See Duarte v. Mayorkas*, 27 F.4th 1044, 1054–55 (5th Cir. 2022) ("'When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal,' the federal district court lacks subject-matter jurisdiction." (quoting *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012))).

IV.    Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[2] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 31st day of December, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).